**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DARIUS LETRAYAL KING** | § | |
| | § | |
| **V.** | § | **6:26-CV-507-CRW** |
| | § | **6:20-CR-183(1)-CRW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**ORDER**

Before the Court is Darius Letrayal King's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#150]. For the reasons set forth below, King's Motion to Vacate is dismissed as time-barred.

BACKGROUND

On May 11, 2021, King was charged by superseding indictment with aiding and abetting carjacking, brandishing a firearm during the commission of a crime of violence, aiding and abetting robbery, and possession of a firearm by a convicted felon. On March 10, 2022, King was convicted by jury of one count of aiding and abetting carjacking, two counts of aiding and abetting robbery, three counts of brandishing a firearm in relation to those offenses, and one count of possession of a firearm by a convicted felon. On June 30, 2022, King was sentenced to a total of 427 months of imprisonment and a total of five years of supervised release. King filed a Notice of Appeal on July 8, 2022, and on July 3, 2023, the Fifth Circuit vacated King's sentence on his conviction of possession of a firearm by a convicted felon and remanded the case for resentencing. On October 13, 2023, King was resentenced to 175 months imprisonment for aiding and abetting carjacking, 84 months for each count of brandishing a firearm during the commission of a crime of violence to run consecutively, 175 months for each count of aiding and abetting robbery, to run concurrently, and 46 months for possession of a firearm by a convicted felon, to run concurrently,

and a total of five years of supervised release. King did not appeal. King filed a Petition for Writ of Error Coram Nobis on January 22, 2024, which was construed by this Court to be a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. King was given an opportunity to withdraw this motion, consent to proceeding with his filing as a Motion to Vacate pursuant to 28 U.S.C. § 2255, or amend his filing to include all § 2255 claims he wished to bring. King did not respond to the Court's order, and on March 5, 2024, the Court dismissed King's Motion without prejudice. King filed the instant unsigned Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on August 3, 2026.

## ANALYSIS

Section 2255 contains a one-year limitations period for the filing of a motion to vacate, set aside, or correct a federal sentence. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Here, King's conviction became final on November 13, 2023, at the latest. *See* Fed. R. App. P. 4(b)(1)(A) (giving a defendant fourteen days to file a notice of appeal from a judgment of conviction); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Consequently, King had until November 13, 2024, to timely file his Section 2255 motion. King filed his unsigned

Motion to Vacate on August 3, 2026, nearly two years after the limitations period had expired. Thus, King's motion is time-barred.

The Court ordered King to show cause why his Motion to Vacate should not be dismissed as time-barred. King responded and asserts that he is "ignorant to a lot of the federal laws and limitations." Response to Order to Show Cause [#153] at 1. King also claims that he lost all his personal property, including legal transcripts and trial court documents, and he had difficulty recovering this property due to lockdowns in his unit. He further states that he had limited access to the law library because of these lockdowns. Finally, King asserts that it "took a lot of time to understand the correct way to file a 2255 motion or even know what a 2255 motion was." *Id*. at 2.

To the extent King seeks equitable tolling, he fails to meet his burden. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted).

King makes no showing that he has been pursuing his rights diligently or that any extraordinary circumstance stood in his way. Unfortunately for him, King's unfamiliarity with the law, lack of legal training, and his *pro se* status do not rise to the level of a rare or exceptional circumstance warranting equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

King may also be asserting that the untimeliness of his application should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme

Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

King has made no valid attempt to show he was actually innocent of the crimes for which he was convicted, nor has he provided any new or reliable evidence indicating that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

## CONCLUSION

Because King's motion was untimely filed and he has failed to identify a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or any new facts that give rise to a claim, the court dismisses his Section 2255 motion with prejudice, as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of King's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* Thus, a certificate of appealability shall not be issued.

It is therefore **ORDERED** that Movant Darius Letrayal King's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#150] is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED on September 14, 2026

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE